Case 3:13-cv-02818-L-BF Document 14 Filed 05/12/14 Page 1 of 5 PageID 64

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 12 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES RAY JONES, 00698268,<br>Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director, TDCJ-CID,<br>Respondent. | )<br>)<br>)<br>) No. 3:13-CV-2818-L<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

On January 7, 2005, Petitioner pled guilty to tampering with a government record and was sentenced to three years in prison. *State of Texas v. Charles Ray Jones*, No. F-0300420-IJ (Crim. Dist. Ct. No. 3, Dallas County, Tex., Jan. 7, 2005). Petitioner did not file an appeal, and he did not file any state habeas petitions.

On July 19, 2013, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues: (1) he received ineffective assistance of counsel; and (2) the terms of his plea bargain were misrepresented.

On November 20, 2013, Respondent filed his answer arguing the petition is time-barred. Petitioner did not file a reply. The Court now finds the petition should be dismissed as barred by

the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

Petitioner's conviction became final on February 6, 2005, when the time for filing a direct appeal expired. Tex. R. App. P. 26.2(a); *See also Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (stating finality is determined by when the time for filing further appeals expires). Petitioner then had one year, or until February 6, 2006, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). In this case, Petitioner did not file any state habeas petitions.

Petitioner was required to file his federal petition by February 6, 2006. He did not file his petition until July 19, 2013.[2] His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling.

---

[2]Petitioner dated his petition as January 7, 2012, but it was not post-marked until July, 2013. Even if the Court used the January 7, 2012 date as the date of filing, the petition would be time-barred.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -3-

Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. See 28 U.S.C. §2244(d).

Signed this 12 day of May, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).